

# The Attorney General of Texas

October 12, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University System
200 E. Riverside Drive
Austin, Texas    78741

Opinion No. JM-77

Re:    Whether    Coordinating
Board has authority to approve
college construction funded in
part by ad valorem tax funds
received under former article
VII, section 17, of the Texas
Constitution

Dear Mr. Ashworth:

You have requested clarification of Attorney General Opinion
MW-594 (1982), which holds that construction projects for institutions
of higher education funded by state ad valorem taxes received under
former article VII, section 17, of the Texas Constitution, are not
subject to Coordinating Board approval.  Although section 61.058 of
the Education Code provides that the Coordinating Board shall approve
or disapprove all new construction of facilities at institutions of
higher education, projects funded under former article VII, section
17, of the constitution were held in that opinion to be exempted by
the constitution itself.

You now inquire as to what proportion of the total funding of a
project must derive from state ad valorem taxes in order to exempt it
from the requirement of Coordinating Board approval under section
61.058(8) of the Education Code.

In our opinion, Attorney General Opinion MW-594 was incorrectly
decided.  Article VII, section 17 was repealed at the November 2, 1982
election.  Article VIII, section 1-e of the Texas Constitution was
amended at the same election to provide as follows:

Sec. 1-e.  1.  No State ad valorem taxes shall
be levied upon any property within this State.

2.  All  receipts  from  previously  authorized
State ad valorem taxes that are collected on or
after the effective date of the 1982 amendment to
this section shall be deposited to the credit of
the general fund of the county collecting the

> taxes and may be expended for county purposes. Receipts from taxes collected before that date shall be distributed by the legislature among institutions eligible to receive distributions under prior law. Those receipts and receipts distributed under prior law may be expended for the purposes provided under prior law or for repair and renovation of existing permanent improvements.

The recently enacted constitutional amendment changes the mode of distribution of the ad valorem tax funds from that formerly dictated by article VII, section 17. See Attorney General Opinion H-1129 (1978). Under article VIII, section 1-e, tax receipts collected before the effective date of the amendment are to be appropriated by the legislature and projects constructed with those funds are subject to Coordinating Board approval to the same extent that other legislatively appropriated funds for college construction are subject to such approval. See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593 (Tex. 1976).

The new constitutional amendment states with respect to receipts distributed under prior law, that is, article VII, section 17, that they "may be expended for the purposes provided under prior law or for repair and renovation of existing permanent improvements." The new provision preserves the purposes for which funds could be spent under former article VII, section 17. It does not preserve the language that rendered article VII, section 17 "self-enacting." Thus, any language of article VII, section 17, which might have excepted ad valorem tax funds from the requirements of section 61.058(8) of the Education Code is no longer in effect. Construction projects are not excepted from Coordinating Board approval under section 61.058(8) merely because they are funded in whole or part with ad valorem tax funds. Cf. Attorney General Opinion MW-245 (1980). Of course, if the project to be funded by these receipts has been approved by the legislature, Coordinating Board approval will be unnecessary. See Attorney General Opinion MW-520 (1982).

Thus, the answer to your question is that Coordinating Board approval is required for all construction projects even if they are funded in whole or in part from ad valorem tax funds. Attorney General Opinion MW-594 is hereby overruled.

### S U M M A R Y

> Construction projects are not excepted from Coordinating Board approval under section 61.058 of the Education Code merely because they are funded in whole or in part from ad valorem tax

funds.   Attorney   General   Opinion   MW-594   is overruled.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan Garrison &
Rick Gilpin
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton